# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 12, 2010

Lyle W. Cayce
Clerk

No. 10-10563
Summary Calendar

ALEJANDRO ALBERTO MARTINEZ,

Plaintiff-Appellant

v.

CAPTAIN CHARLES R. HORSLEY, Captain, Preston E. Smith Unit; WESLEY L. SLOAN, Correctional Officer, Preston E. Smith Unit; TAMBRINA L. WRIGHT, Counsel Substitute, Preston E. Smith Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CV-244

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:*

Alejandro Alberto Martinez, Texas prisoner # 1362767, filed a 42 U.S.C. § 1983 complaint against various prison officials and prison counsel challenging a disciplinary proceeding against him resulting in a loss of good time credits and commissary and recreation privileges. He sought monetary damages as well as unspecified injunctive, declaratory, and prospective relief. The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10563

dismissed Martinez's suit as frivolous on the basis that it is barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Martinez now appeals.

A prisoner may not seek monetary damages or declaratory relief under § 1983 based on the procedures used in a disciplinary conviction until that disciplinary conviction has been reversed, expunged, or otherwise declared invalid if a favorable judgment would necessarily imply the invalidity of the disciplinary conviction. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc); *Heck*, 512 U.S. at 486-87.  A prisoner also may not recover good time credits in a § 1983 suit. *Clarke*, 154 F.3d at 189. Martinez has failed to specify what prospective relief he seeks.

In light of the foregoing, Martinez's appeal is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Thus, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of the in forma pauperis (IFP) provisions of 28 U.S.C. § 1915(g), as does the district court's dismissal of Martinez's complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  We have also dismissed as frivolous Martinez's appeal in Case No. 10-10540. Accordingly, Martinez has accumulated more than three strikes and is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 US.C. § 1915(g) BAR IMPOSED.